# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| | *    **Case No. 17-po-7283** |
| **v.** | * |
| | * |
| | * |
| **JOYCE A. BOONE,** | * |
| | * |
| | * |
| **Defendant** | * |

## MEMORANDUM OPINION AND RESTITUTION ORDER

This matter is before the Court on the victim's request for an award of restitution. On October 30, 2019, the Court conducted a restitution hearing at which the defendant testified. The Court also considered the pleadings and memoranda filed theretofore by the parties including the Victim's Post-Remand Restitution Memorandum and Exhibits (ECF No. 64) filed on October 16, 2019, and the Victim's Post-Restitution Hearing Reply (ECF No. 65) filed on November 4, 2019.

"Federal courts do not have the inherent authority to order restitution, but must rely on a statutory source to do so." *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017) (quoting *United States v. Davis*, 714 F.3d 809, 812 (4th Cir. 2013)). "Outside of the probation context, restitution to victims of federal crimes is governed predominately by either the [Victim and Witness Protection Act of 1982 (the "VWPA")] or the [Mandatory Victim Restitution Act of 1996 (the "MVRA")]." *Id.* at 206-07. The parties concede that the VWPA (18 U.S.C. § 3663) governs the victim's restitution request because the defendant's offenses do not qualify as offenses that warrant mandatory restitution under the MVRA. *Cf.* 18 U.S.C. § 3663A(a)(1), (c). Further, a crime victim has the right to full and timely restitution as provided by law under 18

U.S.C. § 3771(a)(6). In determining whether to order restitution, the Court shall consider the amount of the loss sustained by the victim as a result of the offense; the financial resources of the defendant; the financial needs and earning ability of the defendant; and such other factors as the Court deems appropriate. *Id.* § 3663(a)(1)(B)(i)(I)-(II). In a case involving an offense resulting in bodily injury to a victim, the court may require the defendant to (1) pay an amount equal to the cost of necessary medical and related professional services and devices related to physical care; (2) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and (3) reimburse the victim for income lost by the victim. *Id.* § 3663(b)(2)(A)-(C). Further, in a case involving an offense resulting in damage to or loss or destruction of property of a victim, the Court may require the defendant to "pay an amount equal to . . . the value of the property on the date of the damage, loss, or destruction." *Id.* § 3663(b)(1)(B). The Court finds that this is a case involving an offense resulting in both bodily injury and damage to property of the victim.

The victim requests restitution in the aggregate amount of $22,201.39 consisting of the following: (1) past lost wages ($19,040.32); (2) motor vehicle insurance deductible ($250.00); (3) out-of-pocket medical expenses ($853.75); and (4) damaged/lost personal property ($2,057.32). The defendant does not contest these amounts. From its review of the exhibits and information provided by the victim to establish restitution, the Court finds that these amounts are fair and reasonable and that they were incurred by the victim as a result of the offense committed by the defendant. Therefore, the Court will order the defendant to pay restitution to the victim in the amount of $22,201.39, consistent with this opinion.

Upon the determination of the amount of restitution owed to the victim, the Court must now specify the manner in which, and the schedule according to which, the restitution is to be

paid, in consideration of the financial resources and other assets of the defendant; the projected earnings and other income of the defendant; and the financial obligations of the defendant. *Id.* § 3664(f)(2)(A)-(C). A restitution order may direct the defendant to make a single, lump-sum payment or partial payments at specified intervals. A restitution order may direct the defendant to make nominal periodic payments if the Court finds from the facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments. *Id.* § 3664(f)(3)(A)-(B). Further, the Court shall provide, as an explicit condition of a sentence of probation, that the defendant "make restitution in accordance with [section] . . . 3663" and "that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *Id.* § 3563(a)(6)(A), (7).

The defendant testified that she is a 68-year-old resident of the District of Columbia.[1] She is employed as a bus driver. She testified at the restitution hearing that she earns $23.19 per hour, but she did not testify as to how many hours she works. However, the defendant did testify that her October 12, 2019, pay stub reflected a net income in 2019 through that date (approximately 9½ months) of $21,950. Therefore, the Court finds that the defendant's net monthly income from her employment is approximately $2,310. The defendant also testified that she receives approximately $1,200 per month in social security payments. She has no other income. In light of her age and health issues, the defendant does not intend to work more than three more years. Because of this testimony, Court finds that the defendant's net monthly income is $3,510.

---

[1] According to her violation notices and presentence report, however, the defendant was born in 1952.

In regard to expenses, the defendant testified that she incurs the following expenses on a monthly basis: (1) mortgage ($1,500); (2) water ($100); (3) home warranty ($67); (4) internet ($52); (5) cell phone ($50); (6) burial plot ($48); (7) outstanding medical bills that total $7,395 ($200); (8) outstanding credit card balance of $1,200 ($100); (9) car loan ($391); (10) car insurance ($133); (11) electronic monitoring ankle bracelet ($31); (12) food ($300); (13) household supplies ($50); and (14) fuel ($80). The total of these expenses is $3,102.

The Court finds that these expenses are reasonable and most likely understate the defendant's actual monthly expenses. For example, other than water, she did not note any other utility expenses, such as gas, electricity, or sewer, although the presentence report reflects that she pays $705 for utilities. She also did not note any expenses for clothing and shoes, personal items, hair care, health expenses, or vehicle maintenance. The defendant testified that, when her grandson stays with her on weekends and when school is not in session, she pays for his food. However, the Court does not find that food consumed by her minor grandson is a significant portion of her food expense. Therefore, the Court finds that the defendant's net monthly income ($3,510) exceeds her stated monthly expenses ($3,102), resulting in a monthly cash flow of $408.00. The Court notes, however, that her actual monthly cash flow is likely less, given other expenses she would incur, but about which she did not testify.

Regarding assets and liabilities, the defendant owns a 2003 Mazda CRV (value unknown) and a residence (estimated value $410,000). The mortgage balance according to the probation office is approximately $246,843. Therefore, it appears that the defendant has home equity of approximately $163,157. There is no evidence, however, that the defendant has been ever approved for a home equity loan or would qualify for a home equity loan if she applied at this time. In addition to the equity in a home, financial institutions consider several factors in

4

determining to approve a home equity loan, such as the borrower's debt-to-income ratio, the borrower's credit score, the borrower's history of paying bills on time, etc. Because there is no evidence that the defendant would be approved for a home equity loan if she applied, the Court does not find that the equity in her home is a readily available resource to fund a restitution order.

Considering these findings, the Court will require the defendant to make restitution payments to the victim at the rate of $300 each month, beginning 30 days from the date of this Order. The Court finds that this payment schedule is feasible, considering the evidence and the Court's findings therefrom regarding the defendant's income, expenses, assets and liabilities, and projected earnings.

For the reasons stated above, it is this 15th day of November 2019, by the United States District Court for the District of Maryland **ORDERED** that:

1. The defendant pay restitution to the victim in the amount of $22,201.39, at a rate of at least $300.00 each month, with the first monthly payment due 30 days after the date of this Order.

2. The payment of said restitution shall be a condition of probation.

3. The defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.

Date: November 15, 2019                /s/
                                Thomas M. DiGirolamo
                                United States Magistrate Judge